## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| IN RE: ESTATE OF MICHAEL J. EASTERDAY, DECEASED | : No. 736 MAL 2017 |
| | : |
| | : |
| | : Petition for Allowance of Appeal from |
| PETITION OF: MATTHEW M. EASTERDAY | : the Order of the Superior Court |
| | : |
| IN RE: ESTATE OF MICHAEL J. EASTERDAY, DECEASED | : No. 740 MAL 2017 |
| | : |
| | : |
| CROSS PETITION OF: COLLEEN A. EASTERDAY | : Cross Petition for Allowance of Appeal |
| | : from the Order of the Superior Court |
| | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 17th day of April, 2018, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issue for consideration is as follow:

(1)     Did the Superior Court decision deviate from well-established principles of statutory construction when the lower court held that the General Assembly intended to incorporate the thirty-day procedural requirement of Pa.R.C.P. 1920.42(b), with regard to the filing of affidavits of consent in divorce actions, into 20 Pa.C.S. § 6111.2, where the language of section 6111.2 is clear and unambiguous and does not contain such time limitation?

The Cross Petition for Allowance of Appeal is granted.  The issue, rephrased for clarity is:

(2)    Under an employee benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, after a plan administrator distributes funds to the named beneficiary in accordance with the plan documents, can an estate attempt to recover those funds directly from the beneficiary pursuant to a contractual waiver of those benefits contained in a proper settlement agreement?